621 F.2d 984
 6 Bankr.Ct.Dec. 952
 In re ROYAL PROPERTIES, INC., a Nevada Corporation, Debtor.
Kent B. CASADY, Scott G. Miller and Richard A. Miller,
Plaintiffs-Appellants,
v.
John BUCHER, Trustee of Royal Properties, Inc., a Nevada
Corporation, Defendant-Appellee.
 No. 78-3262.
 United States Court of Appeals,
Ninth Circuit.
 June 19, 1980.
 
 James J. Biggins, Jr., San Diego, Cal., for plaintiffs-appellants.
 Isaac M. Pachulski, Los Angeles, Cal., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of California.
 Before TUTTLE,* WALLACE and NELSON, Circuit Judges.
 TUTTLE, Circuit Judge:
 
 
 1
 This case is a consolidation of appeals from three orders of the district court for the Southern District of California dismissing as moot the plaintiffs' appeals from orders of the bankruptcy court. We affirm.
 
 
 2
 Royal Properties, Inc. is the debtor in a reorganization proceeding pending under Chapter X of the Bankruptcy Act. The appellants, Scott Miller, Richard Miller, and Kent Casady, are shareholders of two-thirds of the outstanding stock of Royal. The appellee, John Bucher, is the trustee in bankruptcy.
 
 
 3
 On September 19, 1977, Royal's principal asset, the Fashion Heights Subdivision in San Diego, was put up for sale by the trustee at public auction. The subdivision is divided into three units. Frank H. Ayers & Son was the high bidder on unit 1, and Robert K. Adams was the high bidder on unit 3. After the bidding, the trustee entered an agreement with Adams and Ayers to facilitate sale of all the units in bulk, a course of action which would have advantageous tax consequences for the shareholders of Royal. All three units were to be sold to a corporation controlled by Adams, but sale of unit 2 to the corporation was contingent upon the trustee's obtaining fee title to the unit, since Royal had only a leasehold interest in the property. Unit 1 would then be transferred to a corporation owned by Ayers.
 
 
 4
 The trustee's application to sell the three units was contested by the appellants. After a hearing, the bankruptcy court overruled their objections and, on December 16, 1977, entered an order confirming the sale. The appellants filed two notices of appeal from this order, but did not seek a stay of the order pending appeal pursuant to Bankruptcy Rule 805.[1] On February 14, 1978, the sale was completed as to units 1 and 3. The trustee received the cash consideration for the property, part of which was subsequently distributed to creditors, including the appellants in this case. The trustee has never obtained fee title to unit 2, and so no transfer of that unit has taken place.
 
 
 5
 Kent Casady is the sole appellant in the third appeal, which is from an ex parte order of the bankruptcy court. Before the bankruptcy proceedings were initiated, Royal Properties had executed a grant deed conveying unit 1 to Casady. In 1975, the bankruptcy court found that the grant deed was actually intended as a security agreement. Casady was ordered to execute a quitclaim deed to Royal, and Royal and the trustee to execute a note and deed of trust to Casady. The documents were placed in escrow. The order, dated April 21, 1975, was not the subject of an appeal. In 1978, after approving the trustee's application to sell the Fashion Heights subdivision, the bankruptcy court entered an ex parte order requiring delivery of the documents in escrow to the trustee. The trustee was to record the quitclaim deed and deliver the note and deed of trust to Casady. Casady appealed from the order, but did not seek a stay. On February 14, 1978, the deed was recorded and the documents delivered.
 
 
 6
 While these appeals were pending, the trustee filed a motion to dismiss for mootness. As to the first two appeals, he maintained that, since no stay was obtained, and since units 1 and 3 had been sold, the appeals were moot. The buyer of the property was not a party to the appeal and could not be affected by any order of the court. With respect to the third appeal, he also argued that the appeal was moot, since no stay had been obtained and the order had already been carried out. The district court granted the motion, and the appeals were dismissed as moot.
 
 
 7
 In support of their argument that this case is not moot, the appellants rely upon the last sentence in Bankruptcy Rule 805, which provides that, unless an order of the bankruptcy judge approving a sale is stayed, "the sale to a good faith purchaser . . . shall not be affected by the reversal or modification of such order on appeal, whether or not the purchaser or holder knows of the pendency of the appeal." The appellants reason that the buyers here were not good faith purchasers, so their rights may be affected even in the absence of a stay. This argument does not, however, address the real problem even if the buyers do not come within the protection of rule 805, they are not parties to the appeal before the court, and the court therefore cannot give any relief that would affect them.
 
 
 8
 This court was faced with this precise issue in In re Combined Metals Reduction Co., 557 F.2d 179 (9th Cir. 1977). In that case, creditors appealed from the district court's order authorizing sale, but failed to obtain a stay. While the appeal was pending, the trustee in bankruptcy sold the property. The court held that the case was moot, because the orders appealed from had already been carried out, and the purchasers were not parties to the appeal. The court stated, "Those transfers simply cannot be voided or rescinded by us in this proceeding, where the purchasers, lessees, and optionees are not parties, and where the transactions have been consummated by the trustee." Id. at 190. The appellants could not attack the order, because the appeal had been mooted, and they could not challenge the sale itself. "In order to obtain the latter relief, he would be required to bring a new action and join the buyers and lessees as parties." Id. at 189.
 
 
 9
 The district court for the Southern District of California reached the same result in Local Joint Executive Board, AFL-CIO v. Hotel Circle, Inc., 419 F.Supp. 778 (S.D.Cal.1976). Again, the case involved sale of a bankrupt's property pending appeal from the order authorizing sale. The court cited Rule 11-62(2) of the Rules of Bankruptcy Procedure, which provides that the sale to a good faith purchaser will not be affected by reversal unless a stay is obtained. The appellants in the instant case rely heavily upon the court's statement that "the rule does not shield a purchaser who has not proceeded in good faith." Id. at 783. What the appellants fail to recognize, however, is that the district court in Hotel Circle, after making this statement, went on to hold the case moot because the purchaser was not a party. "Under these circumstances, if this court were to reach the merits of this appeal, it would render an advisory opinion upon a moot question. This court will not declare rules of law that will have no effect on the case at bar." Id. at 784.
 
 
 10
 We find the reasoning of these cases persuasive, and hold that the instant appeals are moot. The two orders have been carried out; the quitclaim deed has been recorded and the property sold. Once the orders have been performed, an appeal attacking the order is moot. Nor may the appellants attack the validity of the sale or the deed in this appeal. The purchasers of the property have not been made parties to the appeal, and we cannot grant effective relief in their absence. This result is not changed by the fact that unit 2 has not yet been transferred. The purchasers agreed to buy the units in bulk. A reversal of part of the order authorizing sale is not possible without affecting the entire agreement.[2] As the present owners of two of the three units in the order, the purchasers of units 1 and 3 must be present in order for the court to grant relief.
 
 
 11
 The judgment is AFFIRMED.
 
 
 
 *
 Honorable Elbert P. Tuttle, Senior United States Circuit Judge, Fifth Circuit, sitting by designation
 
 
 [1]
 Bankruptcy Rule 805 provides:
 A motion for a stay of the judgment or order of a referee, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance to the referee. Notwithstanding Rule 762 but subject to the power of the district court reserved hereinafter, the referee may suspend or order the continuation of proceedings or make any other appropriate order during the pendency of an appeal upon such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification, or termination of relief granted by the referee, may be made to the district court, but the motion shall show why the relief, modification, or termination was not obtained from the referee. The district court may condition the relief it grants under this rule upon the filing of a bond or other appropriate security with the referee. A trustee or receiver may be required to give a supersedeas bond or other appropriate security in order to obtain a stay when taking an appeal. Unless an order approving a sale of property or issuance of a certificate of indebtedness is stayed pending appeal, the sale to a good faith purchaser or the issuance of a certificate to a good faith bidder shall not be affected by the reversal or modification of such order on appeal, whether or not the purchaser or holder knows of the pendency of the appeal.
 
 
 [2]
 Apparently, the buyers, who originally bid only on units 1 and 3, were induced to buy unit 2 as well, in return for a reduction in the purchase prices of units 1 and 3. The trustee was interested in this arrangement because of the beneficial tax consequences that would accrue to Royal's shareholders as a result of a bulk sale. To set aside only that part of the order authorizing sale of unit 2 would nonetheless affect the entire agreement, since the agreement to purchase unit 2 was part of the consideration for the purchase of units 1 and 3