TUTTLE, Circuit Judge:
This is an appeal by a debtor from an order of a bankruptcy court, lifting an automatic stay which resulted in the sale of the debtor’s property. The district court affirmed the judgment of the bankruptcy court. We also affirm the judgment.
In 1972, Springpark Associates (Spring-park), a one-asset limited partnership, borrowed $650,000, securing the loan with a trust deed which was subsequently assigned to Crown Life Insurance Company (Crown). In November 1975, after the failure of Springpark to pay some real property taxes, Crown caused a notice of default and election to sell the trust property. In February 1976, Springpark filed a Chapter XII bankruptcy petition that had the effect of staying Crown’s foreclosure sale. Crown filed an adversary complaint seeking to lift the stay.
At a May trial, one of Springpark’s general parties represented that the partner *1379 ship could arrange refinancing which would enable it to pay its debts to Crown without a foreclosure sale, but that the loan could not be obtained while Springpark was engaged in Chapter XII proceedings. The parties thereupon agreed upon a stipulation which said:
IT IS HEREBY ORDERED that:
1. The automatic stay issued pursuant to Rule 12-43, Rules of Bankruptcy Procedure, is hereby terminated, subject to the following conditions:
A. Plaintiff shall not commence advertising any Trustee’s sale, pursuant to the power of sale provision of its Deed of Trust, prior to October 15, 1976.
B. Plaintiff shall not cause any such Trustee’s sale to be scheduled for any date prior to November 5, 1976.
1. (sic) The rents, issues and profits of the property encumbered by Plaintiff’s Trust Deed are sequestered effective February 26, 1976 subject to the following conditions:
A. The sequestered funds shall not include those funds necessary for the ordinary operating and maintenance expenses of the property.
B. The excess, if any, may be used by Debtor to pay any costs, not exceeding $12,000, incurred by the event that Defendant is able to sell or completely refinance the property prior to November 5, 1976, any such excess shall be paid over to Plaintiff.
C. In the event that Debtor is able to sell or completely refinance the property prior to November 5, 1976, Plaintiff shall not collect or demand any prepayment by reason of the pay-off of its loan incident to such sale or refinancing, provided that any such pay-off of Plaintiff’s (sic) also include payment of Plaintiff’s expenses, not exceeding $12,000 incident to foreclosure including any attorney’s, witness and Trustee’s fees.
By a separate order, the Court also granted Springpark’s motion to dismiss the Chapter XII proceeding.
However, the refinancing never materialized and, after granting Springpark several extensions, Crown set December 30,1976 as the final date for the foreclosure sale. Hours before the sale was to take place, Springpark filed a second Chapter XII petition, again invoking the portion of the Bankruptcy Rules that a petition stays other proceedings. Crown again sought relief from this stay.
In a January hearing, the bankruptcy court decided that it was bound by the August 12 stipulation. On January 11, it lifted the automatic stay and the property was sold. That order forms the basis of this appeal.
In its opinion, the district court found first that the sale of the property had not mooted the issue in this case because alternative remedies were available to aid the appellant should the court conclude that the bankruptcy court had erred. Turning to the merits, the court concluded, however, that the August 12 stipulation was binding on the parties and that therefore the bankruptcy court acted correctly.
In this Court, as an initial point the appellee argues again that this case is now moot because the property in question has been sold. This argument is similar to the question this Court addressed recently in In re: Royal Properties, Inc., 621 F.2d 984 (9th Cir. 1980). In that case, this Court found that the issue there had been mooted because “the purchasers of the property have not been made parties to the appeal, and we cannot grant effective relief in their absence.” Id. at 987.
Here, however, Crown purchased the property at the foreclosure sale, so it would not be impossible for the Court to fashion some sort of relief. We therefore uphold the district court’s judgment that this case is not moot.
Turning to the merits, the appellant argues essentially that the bankruptcy court had no right to lift the stay that was automatically imposed when Springpark filed *1380 the second Chapter XII petition. The appellant also urges that the bankruptcy court erred in proceeding under Rule 12-43(e),[1] since there was no proof of irreparable harm to Crown. Therefore, it urges, the Court should have proceeded under subsection (d) of the rule,[2] affording Springpark an opportunity to file an answer and proof.
Like the district court, we find that the principal issue to be considered here is the effect to be accorded the August stipulation agreement. We find that the August 12 agreement should be enforced. As stated by this Court in Dacanay v. Mendoza, 573 F.2d 1075, 1078 (9th Cir. 1978):
. a litigant can no more repudiate a compromise agreement than he could disown any other binding contractual relationship. . . . Moreover, it is equally well settled in the usual litigation context that courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential. . The authority of a trial court to enter a judgment enforcing a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming litigation. [Citations omitted.]
That rule seems applicable here, especially since a contrary result would tend to encourage delays similar to this one in future bankruptcy proceedings and discourage the use of settlements. We find that both sides were bound by the August 12 agreement and that Springpark thereby forfeited its right to file another petition when it failed to obtain refinancing. As the district court noted, quoting from In re Colonial Realty Investment Co., 516 F.2d 154, 160 (1st Cir. 1975), “the policy of Chapter XII is rooted in society’s interest in substituting arrangement for liquidation when possible . ..” The debtor here had its chance at avoiding liquidation, but chose instead to agree to an order setting a specific time when the property could be sold, if refinancing could not be obtained. It is now bound by that settlement and order.
As to Springpark’s contention that the bankruptcy court should have afforded it a formal opportunity to answer, we note that the bankruptcy court did conduct an evidentiary hearing before granting relief from the stay.[3] But in any event, the bankruptcy court clearly had the power to lift the stay under Rule 12-43(f) which states:
*1381 (f) Availability of Other Relief. Nothing in this rule precludes the issuance of, or relief from, any stay, restraining order, or injunction when otherwise authorized.
Since a bankruptcy court is a court of equity, it clearly had the power to enforce a settlement agreement. In this case, the irreparable harm by permitting the stay to continue involved harm not only to the ap-pellee, Crown, but to the judicial process itself, by permitting a settlement agreement not to be enforced. That harm certainly justified the action the bankruptcy court took.
We therefore affirm the judgment of the district court.

. (e) Ex Parte Relief from Stay. On the filing of a complaint seeking relief from a stay against any act or proceeding to enforce a lien or any proceeding commenced for the purpose of rehabilitation of the debtor or the liquidation of his estate, relief may be granted without written or oral notice of the adverse party if (1) it clearly appears from specific facts shown by affidavit or by a verified complaint that immediate and irreparable injury, loss, or damage will result to the plaintiff before the adverse party or his attorney can be heard in opposition, and (2) the plaintiff’s attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting his claim that notice should not be required. The party obtaining relief under this subdivision shall give written or oral notice thereof as soon as possible to the trustee, receiver, or debtor in possession and to the debtor and, in any event, shall forthwith mail to such person or persons a copy of the order granting relief. On 2 days’ notice to the party who obtained relief from a stay provided by this rule without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its reinstatement, and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.

. (d) Relief from Stay. On the filing of a complaint seeking relief from a stay provided by this rule, the bankruptcy court shall, subject to the provisions of subdivision (e) of this rule, set the trial for the earliest possible date, and it shall take precedence over all matters except older matters of the same character. The court may, for cause shown, terminate, annul, modify or condition such stay. A party seeking continuation of a stay against the enforcement shall show that he is entitled thereto.

. Crown apparently applied for ex parte relief but the judge did conduct an evidentiary hearing more than a week before lifting the stay.