**In re Paul J. BOILEAU, Debtor.**

**Max KELLER and David Keller,
Plaintiffs,**

v.

**Paul J. BOILEAU, Southern California Mortgage & Loan Corp., Metropolitan Life Insurance Co., J. Paul D'Angelo III, Tomasa H. Maduena and Jeanne Taylor, Defendants.**

Bankruptcy No. 82–02569–P11.
Adv. No. C82–2788–P11.

United States District Court,
S.D. California.

Jan. 26, 1983.

James Hill, Hill, Baskin & Hughes, San Diego, Cal., for Several Secured Creditors including D'Angelo, Maduena and Taylor.

Patrick Shea, Luce, Forward, Hamilton & Scripps, San Diego, Cal., for The Official Unsecured Creditor's Committee.

ORDER RE CONSTITUTIONALITY OF INTERIM RULE GOVERNING BANKRUPTCY CASES AND PROCEEDINGS

HOWARD B. TURRENTINE, Bankruptcy Judge.

This matter comes before this court on certification by Bankruptcy Judge Pyle of the immediate need to review the constitutionality of the Interim Rule governing the administration of the bankruptcy system adopted by the United States District Court for the Southern District of California in General Order 279B. The certification was made pursuant to Section (E)(2)(A)(ii) of the aforementioned Rule. After careful review of the relevant case and statutory law, this court concludes that the Interim Rule, adopted in response to the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) is constitutional and val-

id. More specifically, this court holds 1. That the Federal District Court still retains jurisdiction over bankruptcy matters; 2. That the District Court has both the authority and the power to adopt and issue the Rule.

The constitutionality of the Rule was upheld by Judge Robert E. DeMascio of the Eastern District of Michigan, in an Order dated January 7, 1983. This Court respectfully agrees with and adopts Judge DeMascio's reasoning and conclusions.

This Court agrees that *Marathon* does not create a jurisdictional lapse. A reading of the relevant statutory provisions makes it clear that, at the very least, the Federal District Courts would retain jurisdiction of matters arising under Title 11 or arising in or related to cases under Title 11 until April 1, 1984. *See* 28 U.S.C. § 1334; 28 U.S.C. § 1471(a) & (b); and the majority opinion of the Supreme Court in *Marathon*.

■ The authority of the District Court to adopt and issue the Interim Rule has also been questioned. This court considers the promulgation of the Rule to be within the inherent power of an Article III federal district court to dispose in an efficient manner of judicial matters that come before it. Authority for the issuance of the Rule may also be found in § 105 of the Bankruptcy Reform Act of 1978 (11 U.S.C. § 105) which gives courts of bankruptcy the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

Accordingly, this Court concludes that the Interim Rule adopted by the United States District Court for the Southern District of California pursuant to resolution of the Ninth Circuit Judicial Council is constitutional and valid. Memorandum Opinion will follow.

IT IS SO ORDERED.