ALARCON, Circuit Judge:
Appellant Richard Charlton (Charlton) appeals from the order of the district court which denied his petition for a writ of mandamus to require the bankruptcy court to vacate its orders approving and confirming the sale of the major asset of the estate, a parcel of real property (the property). For the reasons set forth below, we conclude that the district court’s denial of the petition for writ of mandamus was proper. We do not reach the merits of Charlton’s contentions concerning the validity of the orders approving and confirming the sale of the property. These issues were dismissed for mootness in this court’s order of August 5, 1982.
I.
On May 7, 1979, Charlton filed a petition for relief under Chapter XI of the Bankruptcy Act.[1] On November 24,1980, Charl-ton filed a second amended plan of arrangement in the United States Bankruptcy Court, for the sale of the property to C.H. Alberding (Alberding).[2]
Before confirmation hearings took place on Charlton’s proposed plan, the Receiver in Bankruptcy filed an application with the bankruptcy court to sell the property to Cortez Development Corp. (Cortez).
The bankruptcy court considered the plans presented by Charlton and the Receiver at a February 2, 1981 hearing which was attended by Charlton, the Receiver, Cortez, Alberding, their respective counsel, twenty creditors of the estate, and other interested persons. During the hearing, the court announced its approval of the sale of the property to Cortez.
On February 6, 1981, Charlton filed a motion for reconsideration of the order approving the sale. On February 11,1981, the bankruptcy court denied Charlton’s motion for reconsideration. On February 12, 1981, *1451 the court issued a written order approving sale of the property to Cortez free and clear of liens and encumbrances.[3] Thereafter, Charlton moved to vacate these orders. These motions were denied by the bankruptcy court. Charlton appealed to the district court.
On March 24, 1981, the district court enjoined the closing of the Cortez sale pending the filing of concurrent briefs by the parties. Following a hearing, the district court affirmed the bankruptcy court’s orders in a memorandum and order filed April 8, 1981.
Pursuant to a motion filed by Cortez, the bankruptcy court held an evidentiary hearing on April 13, 1981 to determine the status of Cortez as a good-faith purchaser. Charlton, Cortez, and their respective counsel were present at this proceeding. The court found Cortez to be a good-faith purchaser. Charlton did not appeal this finding. The court gave Cortez five working days to comply with the terms and conditions of its land purchase contract that had been approved by the court in its February 12, 1981, order.
Charlton also filed motions in the district court on April 13,1981 seeking reconsideration of the order issued April 8, 1981, and for a stay of the bankruptcy court’s order approving sale of the property. The district court denied the motions. Thereafter Charlton timely filed a notice of appeal with this court.
On April 20, 1981, this court stayed the order of the bankruptcy court approving the sale to Cortez until April 22, 1981 or until further order of the court whichever occurred first. To aid this court in its consideration of Charlton’s motion for a stay, we issued an order on April 23,1981 extending the stay for 21 days and instructing the district court to remand the matter to the bankruptcy court for a determination as to whether the Alberding offer provided prompt payment to all creditors of the estate.
After a hearing attended by Charlton, his attorneys, Cortez, and the Receiver, the bankruptcy court found that the Alberding offer was inadequate to pay the claims against the estate and all administrative costs.
Notwithstanding the finding that the Al-berding offer was inadequate, on May 19, 1981, this court again stayed the order approving the sale to Cortez pending appeal. Extension of the stay was conditioned upon Charlton’s filing a bond of adequate security, posted within a time and in an amount to be determined by the bankruptcy court.
On June 12, 1981, Charlton submitted a million dollar bond in the form of a letter of credit to the district court. The bond was rejected because it did not provide coverage for Cortez and was not supported by adequate security.
Charlton then filed an emergency motion with this court seeking a ruling that: (1) a letter of credit would be adequate; and, (2) that the bond should not run in favor of Cortez. Thereafter, Charlton advised this court that he would be posting a cash bond with the district court in the required amount. On June 12, 1981, this court entered an order declining to intervene any further in the matter, stating that the issue concerning the adequacy of the letter of credit was now moot.
On June 18, 1981, the bankruptcy court denied Charlton’s motion requesting permission for separate bonding to run to the benefit of Cortez. Charlton did not appeal this order. Charlton withdrew the letter of credit that had been unacceptable to the district court and failed to submit a cash bond in the stipulated amount or with the specified beneficiaries. Because of the failure of Charlton to post an adequate bond, the stay issued by this court expired.
The property was sold on or about June 17, 1981. The Receiver accepted the full cash price of $1,175,000, and conveyed title to Seventh Camel, the named nominee of *1452 Cortez. At the time of the sale, Charlton’s appeal (from the affirmance of the bankruptcy court order of February 12, 1981, approving sale of the property) was pending in this court.
II.
On June 23, 1981, Cortez filed a motion with this court to dismiss Charlton’s appeal for mootness. Charlton opposed the motion and requested a factual determination as to whether Seventh Camel was a good-faith purchaser pursuant to Rule 805. The issue of Seventh Camel’s good-faith status had not been raised previously by Charlton in the bankruptcy court or in the district court.
On July 31, 1981, this court issued the following order:
Appellee’s motion to dismiss this appeal as moot is granted, and the appeal is dismissed. See In re Royal Properties, Inc., 621 F.2d 984 (9th Cir.1980). The matter is remanded to the district court with directions to vacate the judgment appealed from, and to remand the matter to the bankruptcy court for similar action. Appellee’s motion for substitution of parties is denied as moot, (emphasis added).
In response to the court’s order of July 31, 1981, the district court, on remand, issued the following order on August 5,1981:
pursuant to the order of the Ninth Circuit Court of Appeals, IT IS ORDERED: The judgment appealed from herein is vacated and the matter is remanded to the bankruptcy court for similar action, (emphasis added).
On the same date (August 5, 1981), this court issued a substituted order which provided as follows:
The court’s order of July 31, 1981, is vacated. Appellee’s motion to dismiss this appeal as moot is granted, and the appeal is dismissed. See In re Royal Properties, Inc., 621 F.2d 984 (9th Cir. 1980). The matter is remanded to the district court with directions to vacate the judgment appealed from, and to remand the matter to the bankruptcy court for appropriate action. Appellee’s motion for substitution of parties is denied as moot, (emphasis added).
On August 19, 1981, Charlton filed a petition with this court for reconsideration of our order of dismissal for mootness, or in the alternative for clarification of the August 5, 1981 order. Cortez also filed a motion for clarification. On August 28, 1981 this court denied each motion and issued the following order:
Appellee’s motion for clarification of the Court’s order of August 5,1981, is denied. Under the principles set forth by the Supreme Court in United States v. Munsingwear, Inc., 340 U.S. 36 [71 S.Ct. 104, 95 L.Ed. 36] (1950), the proper course of action for an appellate court to take when an appeal becomes moot is to vacate the judgment appealed from — thereby relegating the parties to the positions they then occupied, albeit without the compulsion of a binding decree. As applied in this case, this procedure requires that we leave the parties in the positions they would have occupied had no appeal been taken from the bankruptcy court’s order approving the sale of the property at issue. The court having been deprived of the opportunity to rule on the merits of the appeal by its becoming moot, no other disposition is warranted — nor is any other disposition required in order to protect appellees’ interests.
Appellant’s petition for reconsideration and alternative motion for clarification are denied.
Charlton filed petitions for a rehearing with this court and for certiorari with the United States Supreme Court. Both were denied.
This court’s order, dated August 5, 1981, which vacated the July 31, 1981 order was not received in the district court until August 14, 1981. On September 4, 1981, the bankruptcy court issued the following order:
This matter having come on for hearing on special emergency matter before this Court at approximately 12 p.m. Sep *1453 tember 3, 1981. Mr. Charlton appearing in person and represented by Counsel ... the receiver ... appearing in person and being represented by his attorney ... Cortez Development Corp./Seventh Camel Associates, an Arizona joint venture appearing ... and through counsel, the Court having received a copy of the order of the Ninth Circuit Court of Appeals dated August 28, 1981, and having considered this Court’s previous orders, this court makes the following order:
1. That the real property described in the Receiver’s Deed attached hereto as Exhibit 1 is the property of Seventh Camel Associates, ... as nominee of Cortez Development Corp.
2. That pursuant to the contract of sale, because of the delay occasioned by the appeal, the receiver on behalf of the estate shall have a reasonable time to remove all personal property from the premises, and to immediately take steps to evaluate salvage value ...
3. Richard Charlton shall remove himself, and all his belongings from the premises immediately. He shall be hereby enjoined from returning to the premises except as requested or directed by the receiver, James Dunlavey. If Richard Charlton should, in violation of this injunction, return to the premises without the request or direction of the receiver, ... he may be found in contempt of this Court, and this Court will seek an order from the United States District Court holding him in contempt.
4. Seventh Camel Associates, the owners of the premises, shall be entitled to take such steps as may be necessary to demolish the building ...
On February 17, 1982, Charlton filed a motion in the bankruptcy court requesting that the order of February 12, 1981 be vacated. Charlton argued that the bankruptcy court was required to vacate its order in compliance with the District Court’s order of August 5, 1981. On April 8, 1982, the bankruptcy court denied the motion and issued an order confirming the sale.
Charlton then filed a petition in the district court seeking a writ of mandamus directing the bankruptcy court to vacate its February 12, 1981 and April 8, 1982 orders approving and confirming the sale. Charl-ton appeals to this court from the district court’s denial of his petition.
III.
Charlton makes the following contentions on this appeal:
1. Under the principles set forth in United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 the bankruptcy court was required to vacate its orders approving and confirming the sale of the property.
2. This court should reverse the district court’s denial of Charlton’s petition for writ of mandamus and require the district court to order the bankruptcy court to vacate its orders approving and confirming sale of the property.
3. The bankruptcy court was required to comply strictly with the August 5, 1981 order of the district court.
4. This court has jurisdiction to render a decision as to the validity of the bankruptcy court’s orders approving and confirming the sale of the property.
IV.
We are told by Charlton that United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950) required the bankruptcy court to vacate the order approving the sale after this court dismissed the appeal as moot. We disagree.
In Munsingwear the Supreme Court stated that: the established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss.
United States v. Munsingwear, Inc., 340 U.S. at 39, 71 S.Ct. at 106.
The Munsingwear rule is applicable to civil actions commenced in a federal dis *1454 trict court in which events occurring after the filing of a notice of appeal render moot the issues set forth in the claim filed against the appellees.
Bankruptcy proceedings do not fit squarely within the Munsingwear rule because of the fact that three, not two, court systems are involved. Thus, in a bankruptcy proceeding where a sale is approved, a party is required initially to appeal to the district court. If the district court affirms the action of the bankruptcy court, a second appeal can be taken to the United States Court of Appeals.
This court literally complied with Mun-singwear by ordering the district court to vacate its order affirming the orders of the bankruptcy court. This left the parties in the same position in which they would have been if no appeal had been filed in the district court.
V.
A party who appeals to the United States Court of Appeals from the affirmance by the district court of a bankruptcy court’s order approving a sale of property is required to take special steps under Bankruptcy Procedure Rule 805, 11 U.S.C. to protect his interests during the pendency of the appeal.
Rule 805 provides in pertinent part as follows:
. .. [T]he referee [or bankruptcy judge] may suspend or order the continuation of proceedings or make other appropriate order during the pendency of an appeal upon such terms as will protect the rights of all parties in interest ... The district court may condition the relief it grants under this rule upon the filing of a bond or other appropriate security.... A trustee or receiver may be required to give a supersedeas bond or other appropriate security in order to obtain a stay when taking an appeal. Unless an order approving a sale of property ... is stayed pending appeal, the sale to a good faith purchaser ... shall not be affected by the reversal or modification of such order on appeal, whether or not the purchaser . .. knows of the pendency of the appeal.
Thus, under Rule 805, the burden was upon Charlton to obtain stays of the orders, approving and confirming the sale, while his appeal was pending. Charlton failed to post a bond as required by Rule 805. Charlton’s default caused this court’s stay to terminate and permitted sale to a good-faith purchaser to become effective. Matter of Combined Metals Reduction Co., 557 F.2d 179, 190 (9th Cir.1977).
In Combined Metals we said:
[A] party seeking to avoid any impairment in its ability to realize the benefit of a successful appeal relating to the disposition of a subsidiary portion of the proceedings before the Court must seek to stay the progress of the proceedings by obtaining a stay or injunction pending appeal. Absent the grant of a stay or injunction and the approval of a bond, the status quo of the litigation is not fixed and litigation is free to continue.
Matter of Combined Metals Reduction Co., 557 F.2d at 188.
Under the circumstances presented in this case, the dismissal of the appeal for mootness, following the sale, was proper and compelled by Rule 805.
[W]hen, in the absence of a stay of the order of sale, a sale to a ‘good faith purchaser’ has been concluded —an appellate court cannot undo the sale. Because the court cannot provide meaningful relief to the appellant under those circumstances, any appeal of the order of sale thereby becomes moot.
In the Matter of Cada Investments, Inc., 664 F.2d 1158, 1160 (9th Cir.1981) (citations omitted).
After the sale of the property occurs, the merits of the orders approving the sale are no longer in issue. A sale of property of the estate to a good-faith purchaser will not be affected unless a stay of the order of sale was obtained. In re Royal Properties, Inc., 621 F.2d 984, 986 (9th Cir. 1980). “Once the orders have been performed, an appeal attacking the order is *1455 moot. Nor may the ... validity of the sale of the deed (be attacked) in [the] appeal.” Id. at p. 987.
Because of his failure to comply with Rule 805, Charlton cannot challenge the validity of the sale in this proceeding, whether directly by seeking a decision on the merits or indirectly by seeking to have the orders approving and confirming sale vacated.
VI.
Charlton contends that the mandate of the district court was improperly ignored by the bankruptcy court by its failure to vacate the order approving sale and by the April 8, 1982 order confirming the sale.
The bankruptcy court’s action of September 4, 1981, refusing to vacate the order approving sale, was consistent with this court’s direction issued August 28,1981 which provided that as the result of the dismissal of the appeal for mootness, the parties should be restored to the same position in which they were prior to the filing of the appeal of the bankruptcy court’s order to the district court. The fact that the district court had earlier ordered the bankruptcy court to take “similar” action after vacating the order affirming the order approving the sale is not controlling. The bankruptcy court was aware on September 4, 1981 that this court’s order of July 31, 1982 directing that the district court order that “similar” action be taken, had been vacated on August 5, 1982. The bankruptcy court quite properly construed the direction of the district court in a manner which harmonized with the superseding orders of this court issued on August 5, and August 28, 1982. In light of this court’s express command and the requirements of Rule 805, affirmance of the sale was an “appropriate” action, based on the record then before the bankruptcy court.
It would have been error for the bankruptcy court blindly to apply a district court order which attempted to carry instructions from this court which were subsequently vacated.
VII.
Finally, Charlton argues that the bankruptcy court’s order of April 8, 1982, reaffirming the sale, allows us to consider the merits of the contentions raised earlier in the dismissed appeal. As discussed above, Charlton’s failure to comply with Rule 805 prior to the sale of the property precludes this court from determining the validity of the sale of the property.
VIII.
CONCLUSION
The bankruptcy court’s refusal to vacate its orders approving and confirming the sale of the property was proper under Rule 805. The district court’s order denying the petition for a writ of mandamus is AFFIRMED.

. 11 U.S.C. (1976 Ed.) § 701 et seq. Bankruptcy Act of July 1, 1898, c. 541, §§ 301-99, 30 Stat. 544 (formerly codified at 11 U.S.C. §§ 701-99), repealed, Act of Nov. 6, 1978, Pub.L. No. 95-598, § 401(a), 92 Stat. 2549. Section 403(a) of the Act provides: “A case commenced under the [former] Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act [Pub.L. 95-598] had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if the Act had not been enacted.”
All proceedings in this case are governed by the former Bankruptcy Act.

. Following the filing of the Chapter XI petition, no plan was filed by Charlton or by anyone acting on his behalf, for a period of approximately one year, and upon the filing of a plan, such plan failed due to the absence of the requisite number of acceptances, which resulted in an Order of Adjudication, dated September 11, 1980. Charlton was given sixty days to file a Second Amended Plan, but there were “serious and substantial problems” with the Second Amended Plan also. (United States Bankruptcy Court Order Approving Sale of Real Property Free and Clear of Liens and Encumbrances, etc., Findings and Fact Nos. 3 & 4, filed February 12, 1981.)

. In its order, the district court made the following findings: Cortez was the highest and best bidder; liens and encumbrances were to attach to the proceeds following the sale; and, the Receiver was authorized to execute all necessary documents to convey good title.