CANBY, Circuit Judge.
Landmark Capital Company (Landmark) filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. North Central Development Company (North Central), a major secured creditor of Landmark, responded to Landmark’s petition by filing a complaint in an adversary proceeding seeking to dismiss Landmark’s petition or to lift the automatic stay. Subsequently, both parties filed motions for summary judgment. The bankruptcy court granted North Central’s motion for summary judgment, dismissed Landmark’s petition, and awarded attorneys’ fees to North Central. Landmark appeals from the district court’s judgment affirming the bankruptcy court’s order of dismissal and award of attorneys’ fees. We affirm.
FACTS
On October 31, 1980, North Central agreed to sell property in Arizona known as the Rosenzweig Center to Landmark for $54.3 million. The sale agreement provided for payments of approximately $16 million by the assumption of various mortgages and unsecured loans at the time of sale, $8 million to be paid on January 2, 1981, and approximately $29 million to be paid by February 27, 1981. The unpaid balance of the purchase price was secured by a second deed of trust on the property in favor of North Central. North Central later agreed to extend the due date for the final $29 million payment to October 1, 1981.
In September, 1981, Landmark commenced a fraud action against North Central in the United States District Court for the District of Arizona seeking rescission of the sale or damages. Landmark then defaulted on the October 1, 1981 payment. North Central stated its intention to foreclose on the deed of trust by a nonjudicial foreclosure sale and scheduled a trustee’s sale of the property for January 13, 1982. Landmark moved the federal district court in Arizona for an order enjoining the foreclosure sale. The motion was denied on January 7, 1982. On January 8, 1982, Landmark filed a Chapter 11 petition in the Bankruptcy Court for the Southern District of New York. Pursuant to the automatic stay provision of 11 U.S.C. § 362, the filing effectively stayed the foreclosure sale scheduled for January 13.
Landmark’s Chapter 11 proceeding was transferred to the Bankruptcy Court for the District of Arizona on motion of North Central. In re Landmark Capital Co., 19 B.R. 342 (Bankr.S.D.N.Y.1982). Landmark was denied a stay of transfer and appealed to the district court in New York. That court affirmed, holding that while venue was proper in the Southern District of New York, transfer was proper because of the proximity of debts, creditors, witnesses, and assets to the District of Arizona. Landmark Capital Co. v. North Central Development Co., 20 B.R. 220 (S.D.N.Y.1982).
The order assigning the case to the District of Arizona Bankruptcy Court was entered on May 17,1982. During June, Landmark filed its reorganization plan and disclosure statement. North Central objected to both. Landmark responded to the objections and filed a modified plan of reorganization. Throughout the summer and fall of 1982, the bankruptcy court held numer *1169 ous hearings and heard testimony on confirmation of the modified plan. A central issue in these hearings was Landmark’s good faith in submitting the modified plan of reorganization.
Meanwhile, on June 3, 1982, North Central had filed an adversary complaint seeking either dismissal of Landmark’s petition for cause pursuant to 11 U.S.C. § 1112(b), or relief from the automatic stay against lien enforcement pursuant to 11 U.S.C. § 362(d)(1). On July 30, 1982, Landmark moved for summary judgment dismissing North Central’s complaint. On August 25, 1982, North Central filed a cross-motion for summary judgment seeking either dismissal of Landmark’s petition or relief from the automatic stay. On January 12, 1983, the bankruptcy court entered its order and judgment dismissing Landmark’s chapter 11 proceeding for lack of good faith pursuant to 11 U.S.C. § 1112(b), authorizing the foreclosure sale of the property, and awarding North Central its reasonable attorneys’ fees and costs. 27 B.R. 273.
On January 14, Landmark moved the bankruptcy court for a stay pending appeal. The motion was denied. Landmark moved the district court for a stay pending appeal of the bankruptcy court’s judgment. The district court refused to grant a stay except for a period of 10 days upon the posting of $150,000 cash or surety bond. Landmark did not post the bond and appealed. We denied the stay pending appeal on January 24, 1983.
On January 25, 1983, a foreclosure sale was held at which North Central purchased the property. On April 4, 1983, North Central executed an agreement for the sale of the property to Jack Kent Cooke, Inc. This agreement was assigned to JKC Realty, Inc., and on May 3, 1983, the sale of the property to JKC Realty, Inc. was closed.
Landmark appealed the bankruptcy court judgment to the district court. On July 11, 1983, the district court entered an amended judgment affirming the bankruptcy court’s order of dismissal and award of attorneys’ fees. The district court remanded for a determination of attorneys’ fees. This appeal followed.
ISSUES
We address the following issues: (1) whether this appeal is moot; (2) whether the bankruptcy court had jurisdiction to issue its order and judgment; (3) whether there were genuine issues of material fact present to preclude summary judgment; (4) whether the dismissal for lack of good faith filing was proper; and (5) whether the award of attorneys’ fees was proper.
DISCUSSION
I. Mootness
North Central argues with considerable force that the court-authorized sale of the Rosenzweig Center to two good faith purchasers prevents us from granting Landmark any effective relief and thereby renders the propriety of the dismissal moot. A court-authorized sale cannot be overturned absent a stay pending appeal. See Bankruptcy Rule 805. It is undisputed that Landmark did not obtain a stay pending appeal. See also Greylock Glen Corp. v. Community Sav. Bank, 656 F.2d 1 (1st Cir.1981).
Nevertheless, Landmark contends that reinstating the bankruptcy case will provide effective relief because Landmark may recover the property and then reorganize, or obtain restitution from North Central for their “windfall” gained through foreclosure.
We disagree with Landmark. Rule 805 precludes recovery of the property even if the bankruptcy order is reversed. See In re Charlton, 708 F.2d 1449, 1454-55 (9th Cir.1983). Furthermore, even if Rule 805 were inapplicable here, JKC Realty, Inc., the present property owner, is not a party to this appeal and therefore we could not grant Landmark relief that would affect JKC’s rights. In re Royal Properties, Inc., 621 F.2d 984, 986 (9th Cir.1980); In re Combined Metals Reduction Co., 557 F.2d 179, 190, 192 (9th Cir.1977). In addition, if Landmark is entitled to restitution for any *1170 alleged improper conduct by North Central, the appropriate forum for such relief is the district court in which the fraud suit is currently pending, not the bankruptcy court.
Because neither recovery of the property nor restitution is available to Landmark in the bankruptcy proceeding, North Central argues that the propriety of the dismissal is moot unless Landmark could effectively reorganize without the property. In affidavits filed by Landmark in support of its motion for a stay pending appeal, Landmark itself states that without the Rosenzweig Center “successful reorganization of Landmark would be impossible.” Thus, North Central claims that there is no effective relief that we could grant to Landmark even if we decided that the dismissal of the petition was erroneous. See In re Roberts Farms, Inc., 652 F.2d 793, 797 (9th Cir.1981).
If our inquiry were limited to this one issue we would agree with North Central that this appeal is moot. Landmark, however, contests the bankruptcy court’s related order that because of Landmark’s bad faith filing North Central is entitled to recover reasonable attorneys’ fees. Because the attorneys’ fees issue turns on the propriety of the dismissal for bad faith filing, effective relief for Landmark is possible and the ease is not moot.
II. Jurisdiction
The Supreme Court’s plurality decision in Northern Pipeline Construction Co. v. Marathon Pipeline Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), declared the entire grant of jurisdiction to the bankruptcy courts under § 241(a) of the 1978 Bankruptcy Act unconstitutional. Subsequently some courts have inferred from Northern Pipeline that the district court’s jurisdiction over bankruptcy matters also was unconstitutional. See, e.g., In re Conley, 26 B.R. 885 (Bankr.M.D.Tenn.1983); In re Motion to Dismiss: Constitutionality of Jurisdiction of the Bankruptcy Court, 23 B.R. 334 (Bankr.N.D.Ca.1982). Landmark urges us to adopt this view and rule that as a result Emergency Interim Local Rule 55 by which the Federal District Court for the District of Arizona continues to refer bankruptcy cases to the bankruptcy courts is invalid.
We agree, however, with the four federal circuit courts that have held that the grant of bankruptcy jurisdiction to the district courts in 28 U.S.C. §§ 1471(a) and (b) was not invalidated by Northern Pipeline and that even if it was, the grant of original jurisdiction to the district courts in 28 U.S.C. § 1334 remains effective during the transitional period. See In re Kaiser, 722 F.2d 1574, 1577 (2d Cir.1983); White Motor Corp. v. Citibank, N.A., 704 F.2d 254, 260 (6th Cir.1983); In re Hansen, 702 F.2d 728, 729 (8th Cir.), cert. denied, — U.S. —, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983); In re Braniff Airways, Inc., 700 F.2d 214, 215 (5th Cir.), cert. denied, 461 U.S. 944, 103 S.Ct. 2122, 77 L.Ed.2d 1302 (1983). Consequently, we hold that Local Rule 55 is a valid and constitutional procedure that enables the district court in Arizona to assure a uniform and expeditious processing of bankruptcy petitions. See White Motor Corp. v. Citibank, N.A., 704 F.2d at 262-64.
Landmark’s second jurisdictional challenge questions whether Local Rule 55 is an unconstitutional delegation of the judicial power of Article III to non-Article III judges. We conclude that it is not. See In re Kaiser, 722 F.2d at 1580-81; White Motor Corp. v. Citibank, N.A., 704 F.2d at 263 (interim rule does not violate the Constitution because district courts retain primary jurisdiction and bankruptcy courts have only derivative jurisdiction; interim rule does not conflict with the holding in Northern Pipeline and is not prohibited by Article III); cf. United States v. Raddatz, 447 U.S. 667, 681-83, 100 S.Ct. 2406, 2415-2416, 65 L.Ed.2d 424 (1980) (no violation of Article III where magistrate’s proposed findings and recommendations subject to de novo determination by Article III judge). Because Local Rule 55 provides that: (1) bankruptcy courts may not issue binding *1171 judgments in “related” proceedings; (2) district courts have express authority to revoke the referral of any case to the bankruptcy court upon the district court’s own motion or upon the request of a party for any reason; and (3) district courts may modify, in whole or in part, any order or judgment issued by the bankruptcy judge, we conclude that Local Rule 55 is not an unconstitutional delegation of Article III judicial power to non-Article III judges.
Landmark’s last two jurisdictional challenges need not detain us long. Any conflict between the new Rules of Bankruptcy Procedure, effective August 1, 1983, and Local Rule 55 is resolved in favor of Local Rule 55 and the Supreme Court’s decision in Northern Pipeline. See Local Rule 55(g). Last, the automatic reference of cases to bankruptcy courts is within the district court’s Article III power to administer business properly before it. In re Boileau, 30 B.R. 795, 796 (S.D.Cal.1983); In re Northland Point Partners, 26 B.R. 860, 861 (E.D.Mich.), cert. denied, — U.S. —, 104 S.Ct. 151, 78 L.Ed.2d 140 (1983); See Otero Mills, Inc. v. Security Bank & Trust, 28 B.R. 386, 388 (D.N.M.1983).
III. Summary Judgment
Landmark argues that summary judgment was inappropriate because there were genuine issues of material fact in dispute. When given the opportunity, however, in its Motion for Summary Judgment and in its Reply to North Central’s Cross-Motion for Summary Judgment, Landmark did not assert that there were any material facts in dispute. To the contrary, before the bankruptcy court Landmark was in full agreement that the court had all the facts necessary to a decision before it and that none were disputed. It is too late for Landmark to contend for the first time on appeal that material facts were in dispute. See International In-Flight Catering Co. v. National Mediation Board, 555 F.2d 712, 719-20 (9th Cir.1977); Fed.R.Civ.P. 56(e).
IV. Dismissal for Lack of Good Faith Filing
The finding of good faith, or lack thereof, is subject to the clearly erroneous standard of review. In re Thirtieth Place, Inc., 30 B.R. 503, 505, 506 (Bankr.App. 9th Cir.1983); see In re U.S.A. Motel Corp., 450 F.2d 499, 504 (9th Cir.1971). A finding of fact is clearly erroneous “when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542 (1948). Strict application of the clearly erroneous rule is particularly important where, as here, the district court has affirmed the bankruptcy judge’s findings. In re Missionary Baptist Foundation of America, 712 F.2d 206, 209 (5th Cir.1983).
Landmark filed a petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101-1174. Causes for dismissal are set out in 11 U.S.C. § 1112(b). Although by its terms Chapter 11 does not expressly require that the petition be filed in good faith, courts do not hesitate to dismiss a reorganization proceeding where the debtor’s misconduct compromised the court’s jurisdictional integrity or the debtor was unduly taking advantage of the bankruptcy provisions to harass its creditors. See, e.g., In re Thirtieth Place, 30 B.R. 503, 505 (Bankr.App. 9th Cir.1983); In re Spenard Ventures, 18 B.R. 164, 166 (Bankr.Alaska 1982); In re Nancant Inc., 8 B.R. 1005, 1007 (Bankr.D.Mass.1981).
The bankruptcy court fully considered the following facts and circumstances and concluded that, judged as a totality, Landmark’s bankruptcy filing was not in good faith: (1) North Central was the only secured creditor of Landmark that was affected by these proceedings and was not being paid on a current basis; (2) Landmark had paid its other creditors with pre-petition claims during the course of the Chapter 11 proceeding; (3) as of the date of filing, Landmark had paid all of its trade creditors and unsecured creditors except its *1172 accountant, architect, interior designer and possibly Gabriel Schwartz & Co., (4) the district court action was commenced for the purpose of staying the enforcement by North Central of the power of sale provision; and (5) Landmark filed this Chapter 11 proceeding to obtain the automatic stay on the eve of foreclosure only after the district court had refused to enjoin the sale.
From these undisputed facts the bankruptcy court concluded that the proceeding was nothing more than a two-party dispute between Landmark and North Central that should be settled outside the jurisdiction of the bankruptcy court. Furthermore, the court concluded that Landmark’s sole purpose in commencing proceedings was to forestall and thwart North Central’s exercise of its power of enforcement under its deed of trust. In view of all of the facts and circumstances, the bankruptcy court’s finding that Landmark’s filing was inconsistent with the purpose, spirit, and intent of the Bankruptcy Code is not clearly erroneous.
Landmark contends that none of the above facts considered alone constitute bad faith and therefore they do not constitute bad faith when considered in combination. While we agree with Landmark’s first premise, its conclusion is defective and flies in the face of well-established case law. The determination of the existence of good faith in any case obviously depends upon all of the facts and circumstances presented. In re Thirtieth Place, Inc., 30 B.R. 503, 505 (Bankr.App. 9th Cir.1983); In re Spenard Ventures, 18 B.R. 164, 166 (Bankr.Alaska 1982).
No one evidentiary fact can be given paramount weight in deciding the question. If it is obvious that a debtor is attempting unreasonably to deter and harass creditors in their bona fide effort to realize upon their securities, good faith does not exist. But if it is apparent that the purpose is not to delay or defeat creditors but rather to put an end to long delays, administration expenses ... to mortgage foreclosures, and to invoke the operation of the [bankruptcy law] in the spirit indicated by Congress in the legislation, namely, to attempt to effect a speedy efficient reorganization, upon a feasible basis ... good faith cannot be denied.
In re Thirtieth Place, Inc., 30 B.R. at 505 (quoting In re Levinsky, 23 B.R. 210, 218 (Bankr.N.Y.1982), quoting Loeb Apartments, Inc. v. Malwitz, 89 F.2d 461, 463 (7th Cir.1937)).
It is of no aid to Landmark to set forth, as it does, cases to support separately the insufficiency of each factor to constitute bad faith. Because each case turns on its own facts and circumstances, reliance on a particular ease for the proposition that a particular factor does not warrant dismissal is misleading. It is the combination of facts and circumstances that is determinative.
It is clear from the bankruptcy court’s order that the bankruptcy judge considered all pleadings, evidence, transcripts, supplemental memoranda, applicable law, and all material facts when he concluded that Landmark’s filing was not in good faith. Moreover, the bankruptcy judge here had presided over lengthy evidentiary hearings concerning the confirmation of Landmark’s reorganization plan while the motions for summary judgment were pending. He thus knew exactly what kind of reorganization was contemplated when he dismissed the matter as being not filed in good faith. The finding of lack of good faith is not clearly erroneous.
V. Attorneys’Fees
Ordinarily, reasonable attorneys’ fees are not awarded to prevailing litigants. Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). An exception is made, however, when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Id. at 258-59, *1173 95 S.Ct. at 1622. This bad faith exception is applicable where, as here, the action was filed in bad faith. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 765-66, 100 S.Ct. 2455, 2463-2464, 65 L.Ed.2d 488 (1980).
It was therefore well within the bankruptcy court’s equitable powers to award attorneys’ fees against Landmark, which was found to have acted in bad faith. See, e.g., In re Hammett, 28 B.R. 1012, 1015 (E.D.Pa.1983). A finding of bad faith sufficient to support an award of attorneys’ fees requires evidence that the claim was not colorable and was “made for reasons of harassment or delay or for other improper purposes.” In re Emergency Beacon Corp., 27 B.R. 757, 762 (Bkrtcy.S.D.N.Y.1983) (quoting Browning Debenture Holders’ Committee v. Dasa Corp., 560 F.2d 1078, 1088 (2d Cir.1977)).
The bankruptcy court found that Landmark filed its petition in bad faith, and that it singled out and subjected North Central to discriminatory treatment, for the sole purpose of frustrating North Central’s attempt to enforce the power of sale provision under its deed of trust. This finding is not clearly erroneous and is sufficient to support an award of reasonable attorneys’ fees in favor of North Central. See International Union of Petroleum & Industrial Workers v. Western Industrial Maintenance, Inc., 707 F.2d 425, 428 (9th Cir. 1983).
VI. Conclusion
The district court’s judgment affirming the bankruptcy court’s order of dismissal and the award of reasonable attorneys’ fees is AFFIRMED. The actual amount of fees had not been established at the time of this appeal, and the matter is REMANDED for that purpose. The request of North Central for attorneys’ fees on this appeal is DENIED.
AFFIRMED AND REMANDED.