786 F.2d 900
 14 Bankr.Ct.Dec. 547, Bankr. L. Rep. P 71,189
 In re Daniel D. SUCHY, Alice M. Suchy, Debtors.
COMMUNITY THRIFT & LOAN, Plaintiff/Cross-Defendant/Appellee,
v.
Daniel D. SUCHY, Alice M. Suchy,
Defendants/Cross-Claimants/Appellants.
 No. 85-5513.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 11, 1985.
Decided Nov. 21, 1985.
Designated for Publication April 9, 1986.
 
 Leon L. Vickman, Encino, Cal., for plaintiff/cross-defendant/appellee.
 Gregory A. Wedner, Bergman & Wedner, Inc., Los Angeles, Cal., for defendants/cross-claimants/appellants.
 Appeal From the United States District Court for the Central District of California.
 Before DUNIWAY, TANG, and PREGERSON, Circuit Judges.
 PREGERSON, Circuit Judge.
 
 
 1
 Daniel D. Suchy and Alice M. Suchy ("Suchys") appeal the district court's dismissal of their cross-claim for fraud against cross-defendant and appellee Community Thrift & Loan ("Community") for lack of subject matter jurisdiction. On appeal, the Suchys contend that completion of foreclosure proceedings, to which they stipulated, did not preclude the district court from exercising jurisdiction over their claims against Community, who purchased the property through foreclosure. The Suchys further contend that their stipulation permitting foreclosure did not preclude their challenging the outcome of those proceedings when the foreclosing party is also the purchaser at the foreclosure sale. We affirm the district court's dismissal of the Suchys' cross-claim for lack of subject matter jurisdiction.
 
 FACTS
 
 2
 The Suchys entered into loan transactions with Community. They intended to use the loan funds to construct a single-family residence that also secured the loans. After the Suchys missed quarterly loan payments, Community began foreclosure proceedings. The Suchys then filed for bankruptcy under Chapter 11, thereby obtaining an automatic stay of the foreclosure. However, they later stipulated to vacate the stay and to permit foreclosure, if they did not make payment within a specified period. Community foreclosed the property when the Suchys failed to make the payment.
 
 
 3
 After Community purchased the property at the foreclosure sale, the Suchys filed a cross-claim against Community for equitable relief and money damages for the allegedly fraudulent misrepresentations Community made in connection with the loans.
 
 
 4
 The district court reasoned that it would have subject matter jurisdiction over the Suchys' cross-claim only if it is "related to" the Suchys' bankruptcy proceeding, as required by 28 U.S.C. Sec. 1471(b). Finding that the foreclosure sale was final and that therefore the property was outside the bankrupt's estate, the district court concluded that it lacked subject matter jurisdiction over the cross-claim.
 
 STANDARD OF REVIEW
 
 5
 We review de novo a district court's decision on subject matter jurisdiction. Miller v. City of Los Angeles, 755 F.2d 1390, 1391 (9th Cir.1985). When a district court dismisses a case for lack of subject matter jurisdiction, we will overturn the court's underlying factual findings only if they are clearly erroneous. Lowe v. City of Monrovia, 775 F.2d 998, 1003 (9th Cir.1985).
 
 DISCUSSION
 
 6
 Former Bankruptcy Rule 805,[1] which applies in the instant case, expresses a policy of finality of foreclosure sales absent a stay. In interpreting Rule 805, we have held that the sale of property of a bankrupt's estate to a good faith purchaser will not be affected unless the bankrupt obtained a stay of the order approving the sale. Casady v. Bucher (In re Royal Properties, Inc.), 621 F.2d 984, 986-87 (9th Cir.1980); Taylor v. Lake (re CADA Investments, Inc.), 664 F.2d 1158, 1160 (9th Cir.1981); Dunlavey v. Arizona Title Insurance and Trust Co., (In re Charlton), 708 F.2d 1449, 1454 (9th Cir.1983).
 
 
 7
 The primary goal of Rule 805 is to protect the interest of a good faith purchaser, third party or otherwise, of the property unless the order approving a sale is stayed pending appeal. See In re Charlton, 708 F.2d at 1454-55. The district court was correct in dismissing the cross-claim for lack of subject matter jurisdiction. Sulmeyer v. Karbach Enterprises (In re Exennium, Inc.), 715 F.2d 1401, 1404 (9th Cir.1983), emphasized that "[w]e are quite reluctant to invoke public policy to override [Rule 805's] express requirement that reversal of an authorization of sale not affect the sale's validity unless the authorization and sale were stayed." Moreover, "[i]n the field of the administration of estates under the bankruptcy laws, the policy of the law strongly supports a requirement that a stay be obtained if review on appeal is not to be foreclosed because of mootness." Trone v. Roberts Farms Inc. (In re Roberts Farms, Inc.), 652 F.2d 793, 796 (9th Cir.1981). See Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421, 1424 (9th Cir.1985) ("the fact that the purchaser is a party to [the] appeal does not change the applicability of the mootness rule").
 
 
 8
 The Suchys also contend that Rule 805 affords no protection to Community because it did not qualify as a "good faith purchaser." Neither Bankruptcy Rule 805 nor the accompanying committee notes define "good faith purchaser." See L. King, 2 Collier on Bankruptcy, p 363.13 (15th Ed.1985) ("No definition of good faith is attempted in the Code.") Lack of good faith, however, is determined by fraudulent conduct during the sale proceedings. In re Exennium, 715 F.2d at 1404-05.
 
 
 9
 The requirement that a purchaser act in good faith, of course, speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.
 
 
 10
 Prichard v. Sherwood & Roberts, Inc. (In re Kings Inn, Ltd.), 37 B.R. 239, 243 (Bankr. 9th Cir.1984) quoting In Re Rock Industries Machinery Corp., 572 F.2d 1195, 1198 (7th Cir.1978). The Suchys do not contend that Community acted fraudulently in the course of the judicial sale proceedings.
 
 
 11
 Because Community qualifies as a good faith purchaser and because Rule 805 expresses a public policy strongly favoring finality in foreclosure sales where a stay of the sale order was not obtained, the district court correctly determined that the foreclosure sale was final. Consequently, the property remained outside the estate, and the Suchys' cross-claim against Community for equitable relief and money damages did not "relate to" the bankruptcy proceedings. The district court therefore lacked subject matter jurisdiction to hear the claim.
 
 
 12
 Finally, we cannot say that the district court erred in construing the stipulation of the parties. The stipulation provides in part:
 
 
 13
 Relief from the automatic stay shall be granted to [Community] herein immediately so that [it] may conduct foreclosure proceedings and unlawful detainer proceedings on the real property of the debtors.... If [Community] is not brought completely current prior to May 18, 1983, at 5:00 p.m. it may proceed to publish a notice of sale and go to foreclosure sale as provided under State law. The [debtor] after that time will have lost the right to cure the loan and will only have the State law right to pay off the loan in its entirety prior to the sale date.
 
 
 14
 The Suchys incorrectly contend that this language does not preclude their challenging the outcome of the foreclosure proceedings. The language of the stipulation clearly contemplates the possibility of a foreclosure sale, which is the proceedings to which the Suchys agreed.
 
 
 15
 Furthermore, it is well settled that a court has inherent power to enforce summarily a settlement agreement involving an action pending before it. Crown Life Insurance Co. v. Springpark Associates (In the Matter of Springpark Associates), 623 F.2d 1377, 1380 (9th Cir.), cert. denied, 449 U.S. 956, 101 S.Ct. 364, 66 L.Ed.2d 221 (1980) (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1078 (9th Cir.1978)). The district court determined that the Suchys should be precluded from challenging the foreclosure that their stipulation had allowed to proceed. The district court did not commit a clear error of judgment in so concluding.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 Rule 805 provides in relevant part:
 Unless an order approving a sale of property ... is stayed pending appeal, the sale to a good faith purchaser ... shall not be affected by the reversal or modification of such order on appeal, whether or not the purchaser or holder knows of the pendency of the appeal.