28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Alan Walter SERZOW; NANCY DECORA SERZOW, Debtors.
Alan Walter SERZOW; Nancy Decora Serzow, Appellants,
v.
Christopher MELENEY, Trustee; Louis Burzycki, Lender, Appellees.
 No. 93-36115.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 28, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 7 debtors Alan and Nancy Serzow appeal pro se the district court's order affirming on appeal two bankruptcy court rulings: (1) a March 10, 1993 order authorizing the trustee's sale of property, and (2) a May 1, 1993 order correcting certain errors in the bankruptcy court's March 10, 1993 order.[1] We have jurisdiction under 28 U.S.C. Sec. 158(d). We vacate and remand.
 
 
 3
 On March 10, 1993, the bankruptcy court issued an order approving the trustee's motion to sell certain real and personal property of the Serzows' bankruptcy estate (the "Marina/Aquarium Property") to creditor Louis Burzycki in exchange for the release of all debt owing to him except a $101,650.90 lien on the Serzows' residence. On March 19, 1993, the Serzows moved for a 20-day extension of time to file an appeal of the court's order. Because the Serzows failed to obtain a stay of the sale, however, the Marina/Aquarium Property was sold to Burzycki on March 31, 1993.[2] Thereafter, on April 9, 1993, the Serzows timely filed an appeal to the district court and moved the bankruptcy court for a stay pending appeal which was denied as moot. Although the trustee and Burzycki argued that the Serzows' appeal was moot because no effective relief could be granted, the district court found that it had jurisdiction and affirmed the bankruptcy court's authorization of the sale.
 
 
 4
 Mootness is a jurisdictional defect that can be raised at any time by the parties or the court sua sponte. Barilla v. Ervin, 886 F.2d 1514, 1519 (9th Cir.1989). We review de novo a district court's decision on subject-matter jurisdiction, including questions of mootness. Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986).
 
 
 5
 Under 11 U.S.C. Sec. 363(b)(1), a trustee may, after notice and a hearing, sell property of a debtor's estate. Once a bankruptcy court authorizes a trustee's sale of property under section 363(b)(1), an appeal of that authorization cannot affect the validity of the sale to a good-faith purchaser, unless the debtor obtains a stay of the sale pending appeal. 11 U.S.C. Sec. 363(m); see Bankr.R. 8005 (debtor may move bankruptcy court for stay pending appeal). If the debtor fails to obtain a stay, then his appeal of the order authorizing the sale generally is moot. Mann v. Alexander Dawson Inc. (In re Mann), 907 F.2d 923, 926 (9th Cir.1990). The only exceptions to the section 363(m) mootness rule are "(1) where real property is sold subject to a statutory right of redemption, and (2) where state law otherwise would permit the transaction to be set aside." Ewell v. Diebert (In re Ewell), 958 F.2d 276, 280 (9th Cir.1992).
 
 
 6
 Here, the Serzows failed to obtain a stay pending their appeal to the district court of the bankruptcy court's order approving the sale of the Marina/Aquarium Property. See 11 U.S.C. Sec. 363(m); Bankr.R. 8005. Because there was no stay, the trustee sold the Marina/Aquarium Property to Burzycki before the Serzows filed their appeal to the district court. Thus, the Serzows' appeal to the district court was moot unless (1) Burzycki was not a good-faith purchaser, see 11 U.S.C. Sec. 363(m), or (2) an exception to the mootness rule applied, see In re Ewell, 958 F.2d at 280.
 
 
 7
 For purposes of section 363(m), a "good-faith purchaser" is one who buys "in good faith" and "for value." Id. at 281. This court has said that "lack of good faith is shown by 'fraud, collusion between the purchaser and ... the trustee, or an attempt to take grossly unfair advantage of other bidders.' " See id. (quoting Community Thrift & Loan v. Suchy (In re Suchy), 786 F.2d 900, 902 (9th Cir.1986)).
 
 
 8
 Before the bankruptcy court, the Serzows argued that Burzycki was in collusion with the trustee to defraud their bankruptcy estate by purchasing the Marina/Aquarium Property for a price well below its actual value. The bankruptcy court, however, found that the "value" the estate was to receive from Burzycki was fair and reasonable. The court determined that in addition to the price the estate would benefit by avoiding the possibility that Burzycki would judicially foreclose on the property and thereafter seek a deficiency judgment. Moreover, the bankruptcy court recognized the potential liability to the estate arising from the property because it was boarded up, had septic tank problems, and had remained on the market for many months without a successful purchaser. Thus, because Burzycki gave "value" in exchange for the Marina/Aquarium Property and the Serzows offered no evidence of fraud or wrongdoing, Burzycki was a good faith purchaser. See id. at 281-82.
 
 
 9
 Whether an exception to the mootness rule would apply to the Serzows' situation depends on Washington law. See In re Mann, 907 F.2d at 926. Washington statutes provide a debtor with a right to redeem his property, but only when the debtor is a judgment debtor and the property is sold to satisfy a judgment. See Wash.Rev.Code Secs. 6.23.010 (redemption by judgment creditor or his successor in interest), 6.23.020 (time for redemption and amount due); see also Fidelity Mut. Sav. Bank v. Mark, 767 P.2d 1382, 1384 (Wash.1989) (en banc). Here, the Serzows are without redemption rights because they are not judgment debtors and the trustee sold the property for bankruptcy liquidation purposes, not to satisfy a judgment. See Wash.Rev.Code Sec. 6.23.010.
 
 
 10
 Finally, the Serzows contend that their appeal to the district court was not moot because they sought only to remove the $101,650.90 lien on their residence, not to set aside the sale of the Marina/Aquarium Property. This contention lacks merit. Permitting Burzycki to retain this lien was part of the sale price to which Burzycki and the trustee agreed and which the bankruptcy court approved. If the Serzows wanted to challenge the lien, they were required to obtain a stay of the sale pending appeal. See In re Mann, 907 F.2d at 926; 11 U.S.C. Sec. 363(m); Bankr.R. 8005.
 
 
 11
 In conclusion, because the Serzows failed to obtain a stay pending appeal, their appeal to the district court of the bankruptcy court's order approving the sale was moot.[3] See In re Mann, 907 F.2d at 926; 11 U.S.C. Sec. 363(m). Thus, the district court lacked jurisdiction over the appeal. See Barilla, 886 F.2d at 1519. Accordingly, we vacate the district court's order and remand to the district court with instructions to dismiss the Serzows' appeal from the bankruptcy court as moot. See Dunlavey v. Arizona Title Ins. & Trust Co. (In re Charlton), 708 F.2d 1449, 1453-55 (9th Cir.1983) (when party fails to obtain stay pending appeal and property is sold, district court's decision is moot and should be vacated, but bankruptcy court's order authorizing the sale is not moot and should not be vacated).
 
 
 12
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The March 10, 1993 order failed to include a description of certain personal property and mistakenly included a description of the Serzows' residence. The trustee moved to correct these errors on April 14, 1993. On May 1, 1993, the bankruptcy court issued an order correcting its March 10, 1993 order. The Serzows timely appealed the May 1, 1993 ruling to the district court, which consolidated that appeal with the Serzows' appeal of the March 10, 1993 order
 
 
 [2]
 On April 1, 1993, a third party offered to purchase the Marina/Aquarium Property from Burzycki. Burzycki accepted this offer on April 21, 1993. The property and title have been transferred to the new owner
 
 
 [3]
 To the extent the Serzows appealed the bankruptcy court's authorization of the sale of personal property, the appeal is moot. See Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421, 1422-23 (9th Cir.1985)