29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re 1111 MINORS COMPANY, Debtor.
B.K. MADAN; Ritu Madan; Tony Madan, Appellants,
v.
Billy Glen GELLER; Arnold L. Kupetz, Appellees.
 No. 94-55006.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 25, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Baldev K., Ritu, and Tony Madan ("Madans")[1] appeal pro se the Bankruptcy Appellate Panel's ("BAP") dismissal of their appeal from the bankruptcy court as moot. The Madans appealed the bankruptcy court's order authorizing the trustee's sale of real property. We have jurisdiction under 28 U.S.C. Sec. 158(d),[2] and we affirm.
 
 
 3
 This court reviews questions of mootness de novo. Friends of the Payette v. Horseshoe Bend Hydroelectric Co., 988 F.2d 989, 996 (9th Cir.1993). We review the factual findings of the bankruptcy court for clear error and its conclusions of law de novo. Ewell v. Diebert (In re Ewell), 958 F.2d 276, 279 (9th Cir.1992).
 
 
 4
 Under 11 U.S.C. Sec. 363(b)(1), a trustee may, after notice and a hearing, sell property of a debtor's estate. Once a bankruptcy court authorizes a trustee's sale of property under section 363(b)(1), an appeal of that authorization cannot affect the validity of the sale to a good-faith purchaser, unless the debtor obtains a stay of the sale pending appeal. 11 U.S.C. Sec. 363(m); see Bankr.R. 8005 (debtor may move bankruptcy court for stay pending appeal). If the debtor fails to obtain a stay, then his appeal of the order authorizing the sale generally is moot. Mann v. Alexander Dawson Inc. (In re Mann), 907 F.2d 923, 926 (9th Cir.1990). The only exceptions to the section 363(m) mootness rule are "(1) where real property is sold subject to a statutory right of redemption, and (2) where state law otherwise would permit the transaction to be set aside." In re Ewell, 958 F.2d at 280.
 
 
 5
 Here, the trustee moved the bankruptcy court for an order approving the sale of certain real property of the bankruptcy estate (the "Anaheim Property") to Gioi Nguyen for $275,000. On February 11, 1992, the bankruptcy court issued the order authorizing the sale. The next day the Madans filed their notice of appeal to the BAP and moved the bankruptcy court for a stay of its order pending appeal. The bankruptcy court denied the Madans' motion. On February 13, 1992, the Madans moved the BAP for a stay of the bankruptcy court's order pending appeal. Again, the BAP denied the motion on February 14, 1992. On February 27, 1992, with no stay in effect, the Anaheim property was sold to Nguyen.
 
 
 6
 Because they failed to obtain a stay pending appeal, the Madans' appeal to the BAP of the bankruptcy court's order approving the sale of the Anaheim Property was moot unless an exception to the mootness rule applied. See 11 U.S.C. Sec. 363(m); Bankr.R. 8005. The Madans, however, do not contend that they had a right to redeem or were entitled to set aside the transaction under California law.[3] See In re Mann, 907 F.2d at 926. Instead, the Madans contend that the BAP erred by concluding their appeal was moot because Nguyen was not a good-faith purchaser subject to the provisions of section 363(m).[4]
 
 
 7
 For purposes of section 363(m), a "good-faith purchaser" is one who buys "in good faith" and "for value." In re Ewell, 958 F.2d at 281. This court has said that "lack of good faith is shown by 'fraud, collusion between the purchaser and ... the trustee, or an attempt to take grossly unfair advantage of other bidders.' " See id. (quoting Community Thrift & Loan v. Suchy (In re Suchy), 786 F.2d 900, 902 (9th Cir.1985)).
 
 
 8
 The Madans argued below that the actual value of the Anaheim property was $800,000, and that the trustee acted in collusion with Nguyen to defraud the bankruptcy estate by selling the property for a price well below its value. The bankruptcy court, however, concluded that the $275,000 was "an attractive price" and that the sale was in the best interest of the estate and its creditors. Moreover, the bankruptcy court recognized that the bankruptcy estate also would benefit from an agreement with the first trust-deed holder of the property which provided that $10,000 of the sale price would be remitted to the estate for distribution to unsecured creditors. Thus, the bankruptcy court's finding that the estate would benefit from the sale of the Anaheim property to Nguyen was not clearly erroneous.[5] See id. at 279.
 
 
 9
 The Madans also argued that there were other offers to purchase the Anaheim property and the trustee failed to diligently pursue a sale. Our review of the record, however, indicates that the trustee had been trying to sell the property for over a year and that the few offers which the trustee received he had good reason to reject. Moreover, all of the offers were brought to the attention of the bankruptcy court which found that there was good cause for the trustee's sale of the property to Nguyen. Thus, because Nguyen gave "value" in exchange for the Anaheim property and the Madans offered no evidence of fraud or wrongdoing, Nguyen was a good-faith purchaser. See id. at 281-82.
 
 
 10
 Accordingly, the Madans' appeal to the BAP was moot, and the BAP correctly dismissed the appeal.[6] See In re Mann, 907 F.2d at 926; 11 U.S.C. Sec. 363(m).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Linda B. Riegle, Chief Bankruptcy Judge from the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The chapter 7 debtor in this case is California limited partnership, "1111 Minors Company, et al." The Madans are associated with the debtor's corporate general partner, "1217 Associates, Inc."
 
 
 [2]
 Although the trustee contends that this court lacks jurisdiction to hear the Madans' appeal, this court has jurisdiction to review a BAP's decision on the existence of subject-matter jurisdiction, including questions of mootness. See Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986) (reviewing de novo a district court's decision on subject-matter jurisdiction and mootness)
 
 
 [3]
 To the extent the Madans had any right of redemption, that right expired five days prior to the sale. See In re Mann, 907 F.2d at 926-27; Cal.Civ.Code Sec. 2924c
 
 
 [4]
 The Madans also contend that pursuant to 11 U.S.C. Sec. 541(b)(1), (d), the trustee could not sell the Long Beach property because it allegedly had been placed in trust for the Madans' children. Because this contention questions the sale's validity, we do not address it. See 11 U.S.C. Sec. 363(m). If the Madans wanted to challenge the trustee's authority, they were required to obtain a stay pending appeal of the order. See id
 
 
 [5]
 The Madans presented an appraisal report to the BAP which stated that the fair market value of the Anaheim property was $575,000. The BAP correctly noted, however, that the appraisal was conducted some six months after the sale was completed
 
 
 [6]
 To the extent the Madans request Fed.R.Civ.P. 11 or other sanctions against the bankruptcy trustee, their request is denied